IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| ROBERT W. MUSSER, et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.: 3:07-0820 |
| v. ) | JUDGE JORDAN |
| ) | |
| THERMO FISHER SCIENTIFIC, INC., ) | JURY DEMAND |
| ) | |
| Defendant. ) | |

## FIRST AMENDED COMPLAINT

Plaintiff's Robert W. Musser, Jr. and Patricia Musser for their causes of action against Defendant Thermo Fisher Scientific, Inc., state as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Robert W. Musser, Jr., is a resident and citizen of the State of Tennessee, residing at 712 Winter Court, Nashville, Davidson County, Tennessee 37211.

2. Plaintiff Patricia Musser is a resident and citizen of the State of Tennessee, residing at 712 Winter Court, Nashville, Davidson County, Tennessee 37211.

3. Defendant Thermo Fisher Scientific, Inc. ("Thermo Fisher") is a corporation authorized to do business in the State of Tennessee and has a principle office located at 81 Wyman Street, Waltham, Massachusetts 02454. Thermo Fisher may be served through its registered agent for service of process, CT Corporation, 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929.

Plaintiffs' causes of action arise in tort under the laws of the State of Tennessee for the injuries and losses they sustained as the result of Defendant's negligence in Davidson County, Tennessee. As such, jurisdiction and venue are proper in this judicial district.

## STATEMENT OF FACTS

4. Plaintiff Robert W. Musser, Jr., is employed as the Chief U.S. probation officer for the United States District Court, Middle District of Tennessee.

5. On April 17, 2007, Mr. Musser, while attending a trade show at the Nashville Convention Center, visited the display for Defendant Thermo Fisher Scientific, Inc.

6. While Mr. Musser's back was turned to the display, a vendor employed by Defendant was working behind with one of the exhibits and accidentally bumped into it. The exhibit fell as a result of the vendor's actions.

7. The vendor was working within the scope and course of her employment with Defendant.

8. Mr. Musser could not avoid the falling exhibit. It struck him on the top of the head, causing a laceration to his scalp.

9. Mr. Musser received treatment at the scene and was later driven to Baptist Hospital where he received stitches in his head for the injury.

10. Mr. Musser has experienced and continues to experience ringing in his ears, dizziness, light-headedness, and headaches following the accident.

11. Dr. Gary Duncan, a physician with the Department of Neurology at Meharry Medical College, treated Mr. Musser and concluded that Mr. Musser's signs and symptoms were compatible with the diagnosis of post-concussive syndrome, which resulted from Mr. Musser's head injury of April 17, 2007. Dr. Duncan further recommended that Mr. Musser seek early retirement when Mr. Musser becomes eligible at age 50 due to the continuing difficulties caused by the accident and the high demands of his current position.

12. Dr. Kenneth Anchor, with the Center for Disability Studies, evaluated Mr. Musser and determined that Mr. Musser will experience major difficulties in satisfactorily sustaining many types of full-time gainful employment in an unrestricted capacity. Dr. Anchor opined that the demands of his prior work assignments exceeded his current vocational limitations. Dr. Anchor further determined that Mr. Musser required an individualized program of cognitive rehabilitation (with memory training), pain management, occupational and recreational therapy. Dr. Anchor concluded, without treatment, Mr. Musser's prognosis is unfavorable and future deterioration is likely.

13. Dr. Gregory Faulk, Ph.D., a Professor of Finance at Belmont University, determined that as of July 1, 2010, Mr. Musser's total economic loss from the date of his personal injury, April 17, 2007, through his mandatory retirement at age 57 (January 9, 2018) is estimated at $1,143,309.00. Should Mr. Musser choose to work in law enforcement past retirement age until 62.56; his additional economic loss is estimated at $591,747.00.

14. Mr. Musser has incurred will continue to incur medical expenses, has endured pain and suffering, has been unable to perform his usual duties, and is otherwise injured and damaged.

15. As of December 2010, Mr. Musser had accumulated $36,883.00 in Actual Expenses/Losses. As of December 2010, Mr. Musser is estimated to spend $65,130.00 in Future Expenses.

16. Plaintiff Patricia Musser has suffered and will continue to suffer the loss of the society and companionship of her husband, Robert Musser.

## CAUSE OF ACTION

17. Paragraphs 1 through 12 are incorporated herein by reference as though fully set forth.

18. Defendant owed Plaintiff the duty to exercise reasonable care in preparing and displaying the exhibits at the trade show.

19. Defendant breached this duty by preparing and displaying exhibits that could fall onto and cause injury to passersby and by an employee's bumping into the exhibit and causing it to fall onto Mr. Musser.

20. The negligence of the Defendant, as set forth above, directly, proximately and legally caused Mr. Musser to suffer the continuing injuries and pain that he experiences to this day, caused Mr. Musser to incur and continue to incur significant expenses for medical care, treatment, and attendance, and caused Mr. Musser to difficulty in performing his usual duties at home and at work.

21. The negligence of the Defendant, as set forth above, directly, proximately, and legally caused Mrs. Musser to suffer the loss of the society and companionship of Mr. Musser.

22. As a direct, proximate and legal result of Defendant's negligence, Plaintiffs allege that they are entitled to damages, including, but not limited to: physical pain, both past and future; emotional suffering and grief, both past and future; health care and medical expenses, both past and future; loss of earning capacity, both past and future; permanent physical impairment; permanent emotional and mental injury; loss of enjoyment of life; loss of consortium; and all other damages allowed under the laws of the State of Tennessee.

## RELIEF SOUGHT

**WHEREFORE**, premises considered, Plaintiffs Robert and Patricia Musser demand:

1. That the Court award Plaintiffs an amount consistent with the expert testimony and other proof to compensate them for their injuries and damages;

2. That a jury hear all triable issues;

3. That the Court grant all other relief it deems equitable and appropriate

Respectfully submitted,

**BLACKBURN, McCUNE,
HAPPELL & ZENNER, PLLC**

/s/ MALCOLM L. MCCUNE
Malcolm L. McCune (#002660)
Mathew R. Zenner (#018969)
Jessica M. Dumitru (#028695)
101 Lea Avenue
Nashville, Tennessee 37210
Telephone: (615) 254-7770
Facsimile: (615) 251-1385
**Attorneys for Plaintiffs**